# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARSHALL RICKY REESE,**

        **Petitioner,**

        **v.**                      **Case No. 06-C-887**

**STATE OF WISCONSIN,**

        **Respondent.**

## ORDER ON THE HABEAS CORPUS PETITION

Marshall Ricky Reese ("Reese"), is a prisoner incarcerated pursuant to a Wisconsin state court judgment. Proceeding pro se, he seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Under Rule 4 Rule of the Rules Governing Section 2254 Cases, this court must make a preliminary examination of the petition. If the court finds that "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in district court, the judge shall make an order for its summary dismissal." Rule 4, Rules Governing Section 2254 Cases.

Reese seeks relief on three grounds. His first ground for relief is that he was denied due process because the state failed to preserve the car in which he was passenger when the police stopped him. Reese's second ground for relief is that he was denied effective assistance of counsel. Reese's third ground for relief is that the trial court erroneously exercised its discretion at sentencing and used against him the fact that he testified in his own defense.

Dockets.Justia.com

From a review of the petition, the court cannot say that it plainly appears that the petitioner is not entitled to relief. Therefore, the state will be required to answer the petition. In doing so, the respondent should address the issues of timeliness, exhaustion, and procedural default, if applicable.

**IT IS THEREFORE ORDERED** that a copy of Reese's petition and this order shall be served upon the respondent by service upon the State of Wisconsin Attorney General.

**IT IS FURTHER ORDERED** that the respondent shall answer the petition within **30 days** after service of the petition.

The petitioner is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a) to send a copy of every paper or document filed with the court to the respondent or his attorney. The petitioner should also retain a personal copy of each document. If the petitioner does not have access to a photocopy machine, the petitioner may send out identical handwritten or typed copies of any documents. The court may disregard any papers which do not indicate that a copy has been sent to the respondent or her attorney.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 22nd day of August, 2006.

s/AARON E. GOODSTEIN
United States Magistrate Judge