# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**MARSHALL RICKY REESE,**

        **Petitioner,**

    v.                           **Case No. 06-C-887**

**STATE OF WISCONSIN,**

        **Respondent.**

---

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

---

Marshall Ricky Reese ("Reese"), is a prisoner incarcerated pursuant to a Wisconsin state court judgment. Proceeding pro se, he seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 22, 2006, this court screened Reese's petition in accordance with Rule 4 Rule of the Rules Governing Section 2254 Cases and ordered the respondent to answer the petition. On September 21, 2006, the respondent answered the petition and on November 1, 2006, Reese replied. The pleadings on Reese's petition are closed and the matter is ready for resolution. This court also previously denied Reese's motion for the appointment of counsel. The parties have previously consented to the full jurisdiction of a magistrate judge.

**FACTS**

Following a jury trial, on August 28, 2003, Reese was convicted of possession with intent to distribute five or less grams of cocaine, in violation of Wisconsin Statute § 961.41(1m)(cm)1, and battery to law enforcement or firefighters, in violation of Wisconsin Statute § 940.20(2). (Ans. Ex. A.) He was sentenced to four years initial confinement and five years of extended supervision on

the drug count and one year of initial confinement and one year of extended supervision on the battery count, to be served consecutively. (Ans. Ex. A.) The defendant moved for post-conviction relief in the trial court, which was denied on July 18, 2004. (Ans. Ex. E.) Reese appealed, and on January 10, 2006, in an unpublished decision, the court of appeals affirmed his conviction. (Ans. Ex. H.) Reese's appellate counsel submitted a no-merit report to the Wisconsin Supreme Court, (Ans. Ex. J), regarding Reese's petition for review, (Ans. Ex. I), and Reese replied to this no-merit report, (Ans. Ex. K). The court has not been provided with an order from the Wisconsin Supreme Court but a check of online court records indicates that the Wisconsin Supreme Court denied the petition for review on April 10, 2006. See, Docket entry 80, Milwaukee County case number 2002CF3101, available at http://wcca.wicourts.gov.

The following facts are contained in the court of appeals' decision:

This case began in June of 2002, when Reese tried to run away from police officers after they stopped a car in which he was a passenger, and caught him with fourteen corner cuts of cocaine. Reese claimed that the police did not have probable cause to stop the car, and that, therefore, the cocaine had to be suppressed.

At a hearing on Reese's motion, Officer Richard Tank testified that the night they arrested Reese, he saw a Chevrolet Corsica with taillights that were not lit driving in the 3100 block of North Tenth Street in Milwaukee at 12:42 a.m. According to Tank, the car drove north on North Tenth Street, east through an alley, and south onto North Ninth Street, which was "fairly dark." Tank testified that he and his partner decided to stop the car because the taillights were out. According to Tank, after they stopped the car, he:

> informed the driver that I was Police Officer Tank of the Milwaukee Police Department, informed him of the reason I was stopping him, for not having any operating tail lamps. I asked the driver and the passenger why they weren't wearing seatbelts and then proceeded with I.D. from the driver and the name from the passenger.

Tank testified that after Reese gave them his name, he and his partner did a "wanted check" and discovered that Reese had a warrant for violating his parole. Tank and his partner then asked Reese to get out of the car. According to Tank, Reese pushed his partner and started to run away. Tank told the trial court that they struggled, and that Tank and his partner called for backup. The criminal complaint alleges that it took six police officers to subdue Reese.

Reese testified that after the car was pulled over Tank told the driver: "'You guys know you're not supposed to be driving through the alley this late at night.'" Reese claimed that Tank did not say anything about broken taillights or seatbelts, and claimed that he was wearing his seatbelt.

The trial court denied Reese's motion, finding credible Tank's testimony. It concluded that the police had a "sufficient basis to pull the car over" under Wis. Stat. § 968.24 (temporary questioning without arrest), and State v. Krier, 165 Wis. 2d 673, 478 N.W.2d 63 (Ct. App. 1991) (reasonable suspicion for investigative stop).

In August of 2002, and November of 2002, Reese filed motions seeking, among other things, "the 1989 Chevrolet Corsica … in which [he] was a passenger." At a hearing on November 20, 2002, the assistant district attorney told the trial court that the car was no longer available: The third item is whether this 1989 Chevrolet Corsica is -- was impounded by the Milwaukee Police Department, and if it was, whether it's still available. I don't know really what impounded means, but the car was towed. It was in the tow lot. It was towed on June 5, the date of this event. It sat in the tow lot for 15 days…. After 15 days the car was tagged for removal and recycling. Shortly after that the car was taken to Miller Compressing, and on June 21st … the car was recycled, crushed, and/or shredded. That's what [an] officer of the Milwaukee Auto Squad told me.

Reese's postconviction motion claimed that: (1) the State violated his due-process rights when it destroyed the car; (2) his trial lawyer was ineffective because the lawyer did not "promptly" file a motion to preserve the car for testing; and (3) the trial court erroneously exercised its sentencing discretion. He submitted an affidavit averring, among other things, that:

> . On the day of his preliminary hearing, some nine days after he was arrested, he learned that the police had stopped the car because the taillights were not working.

> . He then told his trial lawyer that the taillights were working on the night he was arrested "because he saw them in operation when he got into the car."

> . He asked his trial lawyer to "have the vehicle's tail lights tested so as to prove his assertion" that they were working.

> . He did not "consent" to his trial lawyer's "failure to file a Motion to Preserve the car for scientific testing."

The trial court denied Reese's motion without a hearing. See State v. Machner, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

State v. Reese, 2006 WI App 31, ¶¶2-7 (unpublished) (footnote omitted).

The court of appeals held:

First, the car's apparent exculpatory value when it was destroyed was *de minimis* at best. Although, as we have seen, Reese contended that "he knew the tail lights were working because he saw them in operation when he got into the car on June 5, 2002," this does not necessarily mean that they were working when the police saw the car. Indeed, the trial court found Tank's testimony to be credible and Tank, as we have seen, testified that the taillights were not working when they stopped the car. See Estate of Dejmal v. Merta, 95 Wis. 2d 141, 151-152, 289 N.W.2d 813, 818 (1980) (determination of witness credibility left to trial court). This finding was not clearly erroneous. See id., 95 Wis. 2d at 152, 289 N.W.2d at 818 (clearly erroneous standard). Simply put, the taillights could have been both working when tested and not working when the officers stopped the car, especially in a car whose owner apparently thought it had such little value that the owner did not retrieve it from the lot to which it was towed. Thus, we do not discuss whether Reese could have gotten by other reasonable means evidence comparable to what he claims might be shown by testing the car sometime after he was arrested. See Oinas, 125 Wis. 2d at 491, 373 N.W.2d at 465.

Second, irrespective of whether the taillights were or were not working when the officers stopped the car, the police lawfully stopped it for cutting through an alley. See Whren v. United States, 517 U.S. 806, 813 (1996) (lawfulness of a stop is an objective analysis that does not depend on an officer's subjective belief). Going through an alley at approximately 12:45 in the morning rather than using the next cross street legitimately triggered an objective concern that "criminal activity may [have] been afoot." See Terry v. Ohio, 392 U.S. 1, 30 (1968); see also United States v. Sokolow, 490 U.S. 1, 7 (1989) (probable cause not required). Once Tank walked over to the car and saw that Reese and the driver were unlawfully not wearing their seatbelts, he had a right to ask Reese for his name in order to issue the forfeiture authorized by statute. See Wis. Stat. §§ 347.48(2m) (required use of safety belts); 347.50(2m) (forfeiture for violating § 347.48(2m)). Reese's attempted flight and subsequent struggle with the officers permitted them to arrest and search him. See Illinois v. Wardlow, 528 U.S. 119, 124-125 (2000).

State v. Reese, 2006 WI App 31, ¶¶11-12 (footnote omitted).

In dismissing Reese's claims regarding the exculpatory value of the car, the court held that Reese did not receive the ineffective assistance of counsel. Id. at ¶¶13-14. Finally, the court of appeals held that it was appropriate for the court to consider the fact that Reese testified during trial and denied possession of the cocaine he was convicted of possessing as indicative of Reese's untruthful character and thus consider this fact in fixing sentence. Id. at ¶¶15-16.

-4-

**STANDARD OF REVIEW**

Where the state court adjudicates the merits of a petitioner's claim, this court may grant habeas corpus relief if the state court decision:

> (1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

As the Supreme Court explained in Williams v. Taylor, § 2254(d)(1) establishes two independent grounds on which a federal court can grant habeas corpus relief: (1) if a state court decision is "contrary to" clearly established federal law, as determined by the Supreme Court, or (2) if a state court decision involves an "unreasonable application" of clearly established federal law, as determined by the Supreme Court. 529 U.S. 362, 404-05 (2000); see also Washington v. Smith, 219 F.3d 620, 627-28 (7th Cir.2000). The "contrary to" standard requires a state court decision to be "substantially different from the relevant precedent of [the Supreme Court]." Williams, 529 U.S. at 405. For example, a state court decision applying a rule that contradicts the governing law set forth by the Supreme Court would qualify, as would a decision that involves a set of facts materially indistinguishable from a Supreme Court case that arrives at a different result. Id. at 405-06. By contrast, a state court decision that draws from Supreme Court precedent the correct legal rule and applies it in a factually distinguishable situation will not satisfy the "contrary to" standard, no matter how misguided the decision's ultimate conclusion. Id. at 406-07.

Under the "unreasonable application" prong of (d)(1), relief may be granted if the petitioner shows that, despite identifying the correct rule of law, the state court unreasonably applied it to the facts of the case. Williams, 529 U.S. at 404. An unreasonable application of federal law, however,

is different from the incorrect or erroneous application of federal law. Boss v. Pierce, 263 F.3d 734, 739 (7th Cir. 2001) (citing Williams, 529 U.S. at 410). A federal court simply disagreeing with the state court decision does not warrant habeas relief-the decision's application of Supreme Court precedent must be so erroneous as to be objectively unreasonable. Middleton v. McNeil, 541 U.S. 433, 436 (2004); Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

Under § 2254(d)(2), relief may be had where the petitioner demonstrates that the state court made an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Here again, an unreasonable determination is more than a determination that is simply incorrect or erroneous. Moreover, state court factual determinations are presumed correct, and the petitioner has the burden of rebutting the presumption of correctness by "clear and convincing evidence." § 2254(e)(1). Rice v. Collins, 546 U.S. 333, 339 (2006) (citing Miller-El v. Dretke, 545 U.S. 231, 240 (2005)).

**ANALYSIS**

In his present petition, Reese seeks relief on the three grounds he raised in the court of appeals. His first ground for relief is that he was denied due process because the state failed to preserve the car in which he was passenger when the police stopped him. Reese's second ground for relief is that he was denied effective assistance of counsel. Reese's third ground for relief is that the trial court erroneously exercised its discretion at sentencing and used against him the fact that he testified in his own defense.

As the court of appeals noted in its decision, "[a] defendant's due-process rights are violated if the police: (1) do not preserve evidence that is apparently exculpatory, or (2) act in bad faith by not preserving evidence that is potentially exculpatory." Reese, 2006 WI App 31, ¶8 (citing Arizona v. Youngblood, 488 U.S. 51, 57-58 (1988)). Reese argues that the car was apparently exculpatory, and thus must demonstrate two elements: "(1) the evidence must have had exculpatory

value that was apparent before the evidence was destroyed, and (2) the defendant would be unable to get comparable evidence by other reasonable means. Id. at ¶9 (citing California v. Trombetta, 467 U.S. 479, 489 (1984)).

Based upon the reasoning set forth by the court of appeals, this court is unable to say that the decision of the court of appeals was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding Therefore, this court must deny Reese's petition with respect to his claim regarding the destruction of the vehicle.

Similarly, in determining that Reese is unable to demonstrate the high standard imposed upon petitioners challenging state convictions in federal court, this court is unable to say that Reese was denied the effective assistance of counsel. To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that the Wisconsin court's decision was either contrary to, or based on an unreasonable application of, federal law. Williams v. Davis, 301 F.3d 625, 631 (7th Cir. 2002) (applying § 2254(d)(1) standards). The applicable federal law governing ineffective assistance claims is set forth in Strickland v. Washington, 466 U.S. 668 (1984). Strickland requires the petitioner to show: (1) his attorney's performance fell below an objective standard of reasonableness; and (2) the deficient performance caused him prejudice. 466 U.S. at 687-88 (1984); Roche v. Davis, 291 F.3d 473, 481-82 (7th Cir.2002); Montenegro v. United States, 248 F.3d 585, 590 (7th Cir. 2001). Courts review counsel's performance under the first prong deferentially, presuming reasonable judgment unless the factual record rebuts such a presumption. See Strickland, 466 U.S. at 689; Matheney v. Anderson, 253 F.3d 1025, 1039 (7th Cir.2001).

With regard to the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. See

Strickland, 466 U.S. at 689; Matheney, 253 F.3d at 1039-40. If the court finds that the counsel's alleged deficiency did not prejudice the defendant under the second prong, the court need not consider the first prong of the Strickland test. Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003).

Reese has failed to satisfy either prong of the Strickland test, and thus this court is unable to say that the decision of the court of appeals was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding, this court must deny Reese's petition with respect to his claim regarding ineffective assistance of counsel.

Finally, with respect to Reese's claim that the sentencing court inappropriately took into consideration that he testified and denied possession of the cocaine with which he was convicted, the Supreme Court noted "a defendant's right to testify does not include a right to commit perjury." United States v. Dunnigan, 507 U.S. 87, 96 (1993) (holding that two level offense level increase under the Federal Sentencing Guidelines for the defendant's untruthful testimony in his defense was constitutional). If a defendant chooses to testify on his behalf and in doing so, upon conviction the court determines that the defendant testified falsely, the court may appropriately rely upon the fact that the defendant testified falsely as an aggravating factor when determining sentence. See id. at 96-97.

A judge frequently relies upon his conclusion that a defendant testified falsely in his own defense when fixing sentence. For example, under Federal Sentencing Guidelines, an offense level is increased by two levels if the sentencing court finds that a defendant testified falsely in his own defense. See Guidelines § 3C1.1. A specific notable example of this occurred in the recent high profile case in this district involving the beating of Frank Jude, Jr. by Milwaukee police officers, a

case Reese refers to in his reply, when Judge Charles N. Clevert determined that defendant Daniel Masarik's repeated testimony that he never approached Frank Jude was untruthful. Judge Clevert relied upon this untruthful testimony as an aggravating factor when sentencing Masarik to nearly 16 years in prison. See John Diedrich, *Ex-officers in Jude beating case get sentences of up to 17 years*, Milwaukee Journal Sentinel, November 29, 2007, available at http://www.jsonline.com/ story/index.aspx?id=691618. Thus, this court is unable to say that the decision of the court of appeals with respect to Reese's claim that the trial court impermissibly relied upon that fact that he testified falsely at trial was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Therefore, this court must deny Reese's petition.

**IT IS THEREFORE ORDERED** that Reese's petition for a writ of habeas corpus is **denied**. The clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 12th day of February, 2008.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge